UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>TAMARA KING,<br><br>            Defendant. | Case No. CR23-159-RSM<br><br>ORDER GRANTING MOTION TO QUASH SUBPOENA |

This matter comes before the Court on the Motion to Quash Trial Subpoena filed by former co-defendant Paul Waln, Dkt. #133. The Court has reviewed responsive briefing from the Government and Defendant King, Dkts. #136 and #138.

Mr. Waln pleaded guilty in this case to conspiracy to commit wire fraud and was sentenced to 33 months of custodial time on October 31, 2025. *See* Dkts. #76 and #100. The plea agreement "binds only the United States Attorney's Office for the Western District of Washington" and "does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor." Dkt. #76 at 16–17. Mr. Waln moves to quash the subpoena served upon him by Defendant King, arguing that he has a valid Fifth Amendment privilege against self-incrimination, and that it would be improper to allow Defendant to call him to testify just so the jury can see him invoke that privilege repeatedly. *See* Dkt. #133 at 3 (citing *United States v. Licavoli*, 604 F.2d 613, 624 (9th Cir. 1979).

It is a well-established rule in the Ninth Circuit that "[a] voluntary guilty plea [] is a waiver of the fifth amendment privilege only in regard to the crime that is admitted; the defendant retains the right against self-incrimination as to any crimes for which he may still be

ORDER GRANTING MOTION TO QUASH SUBPOENA - 1

prosecuted." *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982). "A co-defendant who pleads guilty to one count of an indictment cannot be forced to testify by another defendant when there is still a genuine possibility that the pleading co-defendant could be prosecuted for other charges, either under the original indictment or in some later proceeding." *Id*. Such a witness is not permitted, however, to make "a blanket refusal to answer any question[.]" *Id.* To claim a Fifth Amendment privilege, a witness must assert it "in response to specific questions propounded by the investigating body." *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977). There is an exception to this rule: "A trial court may sustain a claimed right to refuse to testify if the court, based on its knowledge of the case and of the testimony expected from the witness, can conclude that the witness could legitimately refuse to answer essentially all relevant questions." *United States v. Tsui*, 646 F.2d 365, 368 (9th Cir. 1981) (internal quotation omitted).

The first issue is whether Mr. Waln can invoke this privilege at all. Mr. Waln believes that he remains subject to potential prosecution in Washington state court for several offenses related to theft and false statements. He argues the statute of limitations for those offenses has not expired, and that Washington's double jeopardy law does not protect him. Dkt. #133 at 3. He specifically discusses false statements he is alleged to have made to FBI agents in Texas in 2022 and in Seattle in July of 2023. *See id*. at 4. Mr. Waln points out that his guilty plea for a single count of wire fraud does not trigger double jeopardy protections for these offenses. *Id*. at 5. He concludes that he cannot be compelled to testify about any matter which might tend to incriminate him. *Id*. (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (witness cannot be compelled to provide testimony that "would furnish a link in the chain of evidence needed to prosecute" himself)).

In Response, Ms. King argues that the statute of limitations has expired for certain potential offenses, citing only to the belief or understanding of "Ms. King's defense team." Dkt. #138 at 4. There is no submitted evidence to support this belief, and even if such were the case, Ms. King does not credibly argue that Mr. Waln cannot properly assert a Fifth Amendment privilege to almost any questions related to the underlying fraud allegations given the above law. Ms. King ends by saying that her Sixth Amendment right to present a complete defense is in conflict with Mr. Waln's Fifth Amendment privilege, but nevertheless cites to case law establishing that her rights do not override a witness's legitimate invocation of the Fifth Amendment. *See Id*. at 5 n.2.

Given all of the above, the Court is satisfied that Mr. Waln can plead the Fifth Amendment and that any objection to such would be overruled.

The second issue for the Court is whether this privilege extends to all possible and reasonable topics of questioning for this witness such that the subpoena to have him testify should be quashed. The Motion includes a list of seven topics provided to Mr. Waln in advance of trial by Ms. King's counsel. *See* Dkt. #133 at 2. The Court has reviewed these topics and finds that Mr. Waln "could legitimately refuse to answer essentially all relevant questions." *See Tsui*, *supra*. Topics such as "Mr. Waln's involvement with all of the business entities related to charged conduct," and "Mr. Waln's proffer to the FBI" clearly elicit answers that could furnish a link in the chain of evidence needed to prosecute him. Topics such as "Mr. Waln's relationship with Ms. King" and "Mr. Waln's subsequent marriages after his divorce with Ms. King" either elicit answers about the fraud, other crimes, or are irrelevant. Ms. King argues in her Response that "the relationship dynamics between Mr. Waln and Ms. King are nevertheless relevant and important to Ms. King's defense theory" because she "has maintained

that she did not act with the intent to defraud and relied on Mr. Waln's guidance and instructions in good faith both as to the business and in others area of their life." Dkt. #138 at 2. Ms. King does not adequately explain how Mr. Waln's "guidance and instructions" as to other areas of their life could have affected her intent to defraud in the charged offenses—nor will she have an expert witness to present that theory. Far more likely is that Mr. Waln's "guidance and instruction… as to the business" will be elicited, causing the witness to legitimately invoke the Fifth Amendment for fear of furnishing a link in the chain of evidence needed to prosecute himself. Even if the questions are about other unrelated businesses, or their marriage, such questions are clearly designed to shift blame from Ms. King to Mr. Waln for offenses that may still be charged against him. Ms. King does not adequately explain how Mr. Waln would not have a legitimate claim to Fifth Amendment privilege unless of course the lines of questioning are not relevant, in which case calling Mr. King to testify would be improper.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Motion to Quash Trial Subpoena filed by Paul Waln, Dkt. #133, is GRANTED.

DATED this 3rd day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO QUASH SUBPOENA - 4