UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMARA KING,<br><br>Defendant. | Case No. CR23-159-RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant's Motion for Reconsideration, Dkt. #143. Ms. King moves for reconsideration of the Court's Order excluding the testimony of expert witness Dr. Raghavan. The Court has requested and reviewed responsive briefing from the Government, Dkt. #146. Given that the instant Motion was filed on the eve of trial, the Court requested by Minute Order that no reply brief be filed. Dkt. #144.

Motions for reconsideration are disfavored. CrR12(b)(13)(A). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id*.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

As an initial matter, the Court finds that Defendant fails to demonstrate manifest error in the prior ruling or to offer new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. The Order at issue excluded Dr. Raghavan's testimony as inadmissible under the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 17(a). Dkt. #131 at 2–5. The Court stands by its analysis of Dr. Raghavan's expert report and finds that this Motion for Reconsideration asks the Court to ignore the explicit references to coercion, duress, and diminished capacity (quoted in the Court's Order) in favor of a hypothetical *mens rea* analysis Dr. Raghavan could offer the jury if she were to change her language and conclusions. Because this does not demonstrate error, and instead asks the Court for an expert report do-over, it is technically not a proper basis on which to grant a Motion such as this.

The Court has nevertheless considered Defendant's three alternative proposals: to have Dr. Raghavan testify "generally" about "the tactics of people who take advantage of romantic partners for financial gain;" to have Dr. Raghavan "avoid using the term 'coercion' in her testimony;" and finally, the proposal that the Court "defer ruling until after Ms. King testifies at trial, if at all." Dkt. #143 at 1–2.

The problem with the second proposal is that Dr. Raghavan's expertise is in "coercive control," and this is the lens through which the entire report is framed.[1] The Court and the Government do not have an expert report from Dr. Raghavan that avoids the concept of coercive control. The Court agrees with the Government that Ms. King's proposal "is playing

---

[1] Dr. Raghavan's report defines "coercive control" as "an abuse dynamic that seeks to strip the victim of autonomy and agency…. The victims… lose their agency and are forced into compliance.…" Dkt. #112 at 1 n.1. Later, it is defined as "attacking one's capacity to consent and reality testing." *Id*. at 7. The Court ruled that "to be stripped of autonomy; to lose agency; to have one's capacity to consent under attack: this strikes the Court as an expert testifying that the defendant lacked the capacity to commit the crime." Dkt. #131 at 5. The Court found that this has the danger to mislead or confuse the jury and is impermissible under the IDRA. *Id*.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

semantic games" and "simply describing coercive control using different words." *See* Dkt. #146 at 6.

The first and third proposals presuppose that the Court granted the Government's Motion in limine both because of problems with Dr. Raghavan's explicit references to coercion *and* "because the report relies almost entirely on Ms. King's out-of-court statements concerning her relationship with a former co-defendant regarding many of the actions directly at issue in this fraud case." Dkt. #131 at 5. To the contrary, this was an additional basis to exclude, not a necessary one. Even if Ms. King were to testify, or Dr. Raghavan were not to discuss Ms. King's circumstances, Dr. Raghavan's testimony would be improper under the IDRA for the reasons stated above. Accordingly, testifying "generally" about this issue or testifying only if Ms. King testifies would not change the Court's conclusion that Dr. Raghavan's testimony "has the danger to mislead or confuse the jury and is impermissible under the IDRA." *Id.*

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Reconsideration, Dkt. #143, is DENIED.

DATED this 5th day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE